IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TRUSTEES OF THE OREGON-  )
WASHINGTON CARPENTERS-    )
EMPLOYERS HEALTH AND WELFARE )
TRUST FUND, et al.,       )
                          )
        Plaintiffs,       )   No. CV-10-1521-HU
                          )
    v.                    )
                          )
UPRIGHT SHORING AND       )   FINDINGS & RECOMMENDATION
SCAFFOLDING, INC.,        )
                          )
        Defendant.        )
_____)

Stephen Buckley
Cary Cadonau
BROWNSTEIN RASK
1200 SW Main Street
Portland, OR 97205
    Attorneys for Plaintiff

HUBEL, Magistrate Judge:

Plaintiffs brought this action against defendant Upright Shoring and Scaffolding, Inc. for breach of a collective bargaining agreement and violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2). An Order of Default [doc. #7] was entered on January 26, 2011. Before the court is plaintiffs' motion for default judgment [doc. #8]. For the reasons set forth below, I recommend granting the motion.

**FACTS**

Plaintiffs are authorized under a Collective Bargaining Agreement, Compliance Agreement, and Trust Agreements to collect fringe benefit contributions, governed by ERISA, from signatory employers. Defendant Upright Shoring and Scaffolding, Inc. is an Oregon corporation and a signatory employer. Plaintiffs brought the instant ERISA action on December 14, 2010, to collect outstanding trust fund contributions, liquidated damages at 1% of the unpaid contributions from December 2010 until paid, interest on unpaid contributions at 12% from December 10, 2010, until paid, interest on unpaid dues at 9% from December 10, 2010, until paid, reasonable attorney fees, and costs. Compl. ¶ 16.

According to plaintiffs, defendant failed to make the contributions due for July, August, September, and October 2010, which total $89,040.39. Compl. ¶ 10. Unpaid dues for the same months total $6,588.15. Id. Interest totaled $1,858.45 as of November 9, 2010, and is alleged to continue to accrue until payment. Id. Liquidated damages allegedly totaled $2,089.96 as of November 20, 2010, and continue to accrue monthly at one percent of the amount due for each month contributions remain unpaid. Id.

2 - FINDINGS AND RECOMMENDATION

Attorneys fees total $1,170. Decl. Cary Cadonau ¶ 7. Costs total $415. Id. at ¶ 8.

The Trust Agreement that covers the relationship between the parties provides that payments are on the 20th day of each month. Supp. Decl. Cary Cadonau Ex. B, at 2. To the extent a payment is delinquent, the Trust Agreement imposes liquidated damages in the amount of "1 percent of the amount of all delinquent Contributions from the due date of the Contribution until paid for each month such Contributions are delinquent, which amount shall become due and payable . . . on the day immediately following the date on which the Contribution . . . becomes delinquent." Id. at 2-3. The Trust Agreement also provides, "In case of failure of an Individual Employer to make required Contributions, the Trustees may take necessary legal action to collect such Contributions, interest, liquidated damages, reasonable audit fees, reasonable paralegal and attorney fees . . . [and] any costs." Id. at 3.

## DISCUSSION

Due process requires plaintiffs seeking default judgements to make out a prima facie case showing entitlement to judgment. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Federal Rule of Civil Procedure 55 provides that a clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In order for a court to enter a default judgment, it needs to conduct an accounting, determine the amount of damages, and establish the truth of any allegation by evidence. See Fed. R. Civ. P. 55(b)(2)(A)-(C). This court has previously held that in trust fund contribution cases, in order to be entitled

3 - FINDINGS AND RECOMMENDATION

to a default judgment plaintiffs must include a breakdown of the calculations in a format for easy review of the principal amount owed, the date it was paid, the interest for that month, and the liquidated damages for that month. <u>Tr. of the Plumbers and Pipefitters Nat. Pension Fund v. Scott Co. of Cal.</u>, No. CV-03-1099-HU, 2003 WL 24015255, at *3 (D. Or., Oct. 10, 2003).

In cases where trusts seek unpaid dues from signatory employers, the prima facie case begins with the submission of the master agreements that show the trusts are entitled to collect contributions each month. Submission of the master agreements, however, is only one component of making a prima facie case. Documentation showing the computations is also required.

Typically in this type of case the trusts will perform an audit of the non-paying signatory employer's financial records for the months in question. The audit records will be reviewed by an accountant or similarly qualified professional to determine the proper amount of unpaid contributions. When moving for a default judgment, the moving plaintiff will submit a declaration from the accountant stating that he or she reviewed the audit records, that certain employees worked for a certain number of hours at a certain rate, and then calculate the contributions due under the agreements. Typically the accountant will include a spreadsheet showing his or her calculations showing how the unpaid dues were calculated for the months in question.

Although the above procedure is not mandatory, it ensures that the court has the proper record from which to "make the sum certain by computation" to support a default judgment.

Here, the plaintiffs have complied with these procedures.

4 - FINDINGS AND RECOMMENDATION

Plaintiffs submitted detailed breakdowns of employee hours, rates, and would-be contributions to various funds that plaintiffs collect.  Plaintiffs submitted a declaration detailing that the 9% interest rate for unpaid dues is based ORS 82.010, which provides that "[t]he rate of interest for the following transactions, if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and is payable on [a]ll moneys after they become due; but open accounts bear interest from the date of the last item thereof."  ORS 82.010(1)(a).  Plaintiffs also submitted master trust agreements supporting the 12% (1% per month) interest rate on contributions, the 1% interest rate on liquidated damages, and a detailed spreadsheet showing the interest calculations for each month in question.

    I have reviewed the plaintiffs' calculations and they are correct.  Therefore, I recommend granting the motion for default judgment awarding judgment to plaintiffs as follows:

        $95,628.54 as contributions due

        $1,858.45 as interest through December 9, 2010, on contributions and dues

        $2,089.96 as liquidated damages as of November 29, 2010

        $29.27 per diem interest as contributions from December 10, 2010, until paid

        $1.62 per diem interest on dues from December 20, 2010 until paid

        $890.40 per month as liquidated damages on contributions starting December 20, 2010, and each 20th of the month thereafter

        $1,170.00 as attorney fees

        $415.00 as court costs

5 - FINDINGS AND RECOMMENDATION

**CONCLUSION**

Plaintiffs' motion for default judgment [doc. #9] should be granted.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 31, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due June 17, 2011. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 10th day of May, 2011.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION